No. 18,181.

JOHN POUCHOULOU, ET AL. *v.* FRANK F. HEATH, ET AL.
(326 P. [2d] 656)

Decided June 9, 1958.

Messrs. MOYNIHAN, HUGHES, KNOUS & SHOOK, for plaintiffs in error.

Messrs. BROOKS & MILLER, for defendants in error.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the Court.

PLAINTIFFS in error will be designated as plaintiffs and defendants in error will be referred to as defendants, the positions they occupied respectively in the trial court.

This action concerns the right of defendants to take water out of Alder Creek in San Miguel County, Colorado. The main issue tried and determined by the trial court was whether defendants had abandoned their decreed water right to water out of Alder Creek.

The trial court found from the evidence that plaintiffs failed to show abandonment "either in continued nonuse or intent to abandon." The trial court found further: "That at times the plaintiffs' lands were leased by the same tenants of defendants' lands and water from two sources, to-wit: The Main Fork of Alder Creek and the North Fork of Alder Creek were interchanged for more convenient use, That defendants did not, neither did their predecessors in title, seek or procure substitute waters from other sources, but at all times needed these waters for proper irrigation of their lands." These findings are amply supported by competent evidence in the record before us.

The plaintiffs assumed the burden of proving abandonment by clear and convincing evidence. *Cline v. McDowell*, 132 Colo. 37, 284 P. (2d) 1056; *Arnold v. Roup*, 61 Colo. 316, 157 Pac. 206.

It was claimed by plaintiffs that the headgate of the ditch on Alder Creek had been changed. The trial

court observed: "There was evidence produced that the headgate of the Gold Run Ditch on Alder Creek had been changed as the banks of the creek would crumble and change. This is not evidence of abandonment, but of intentional use, and defendants did not lose their priority right to the water in question by changing the location of the headgate." This conclusion of the trial court is amply supported by *Corey v. Long,* 111 Colo. 146, 138 P. (2d) 930, where it was said: "The defendants, by changing the point of diversion, or by procuring a priority decree in which the point of diversion was erroneously described, did not thereby lose the right to the water which they had theretofore appropriated and which they had continued to use."

From *Arnold v. Roup,* supra, the following is pertinent: "This vested right to the use of water may be sold and transferred either with or separate from the land upon which it ripened, or changed to other lands, and does not depend on the point of diversion, the place of application, the conduit, or the character of the use; any or all of these may be changed, subject to the injurious effect which the change may have upon the vested rights of others to the use of the water in the stream."

The record considered, we hold that the findings and judgment of the trial court are correct and the judgment is affirmed.

MR. CHIEF JUSTICE HOLLAND not participating.